UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDA MCGARRY,

>    Plaintiff,

v.                                                    Case No.:  3:23-cv-288-DNF

COMMISSIONER OF SOCIAL
SECURITY,

>    Defendant.

_____

## OPINION AND ORDER

Plaintiff Brenda McGarry seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("SSA") denying her claim for

supplemental security income benefits. The Commissioner filed the Transcript of

the proceedings ("Tr." followed by the appropriate page number), and the parties

filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief.

As explained below, the decision of the Commissioner is **REVERSED and**

**REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **Social Security Act Eligibility, Standard of Review, Procedural
      History, and the ALJ's Decision**

A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

B.      Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for supplemental security income benefits on October 19, 2020, alleging disability beginning on January 7, 2016. (Tr. 316-21). Plaintiff later amended her onset date to October 19, 2020. (Tr. 11, 424). The application was

denied initially and on reconsideration. (Tr. 128, 133). Plaintiff requested a hearing and on May 19, 2022 and September 8 2022, hearings were held before Administrative Law Judge ("ALJ") Bernard Porter. (Tr. 81-91, 92-119). On September 28, 2022, the ALJ entered a decision finding Plaintiff not under a disability since October 19, 2020, the date the application was filed. (Tr. 11-21).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on January 9, 2023. (Tr. 1-7). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on March 15, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

### D.    Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 19, 2020, the application date and amended alleged onset date. (Tr. 13). At step two, the ALJ found that Plaintiff had the following severe impairments: "kidney disease, lumbar disc disease, cervical disc disease, and right wrist fracture." (Tr. 13). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 14).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) with the following limitations: The claimant has the ability to lift and carry 20 pounds occasionally and 10 pounds frequently; sit for up to 6 hours, stand for up to 6 hours, and walk for up to 6 hours; push and pull as much as she can lift and carry. She is limited to frequent use of foot controls; occasional climbing of ramps and stairs and no climbing ladders or scaffolds; frequent balancing, stooping, and crouching; occasional kneeling but never crawling. The claimant should avoid any unprotected heights and not work in environments with temperature extremes. In addition to normal breaks, the claimant may be off task up to 5% of the 8-hour workday. She would be limited to frequent overhead reaching.

(Tr. 14).

At step four, the ALJ determined that Plaintiff had past relevant work as a department manager/deli. (Tr. 19). At step five, the ALJ found that considering Plaintiff's age (55 years old on the date the application was filed), education (limited), work experience, transferable skills, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 19-20). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

    (1)  salesclerk, DOT 290.477-014,[1] light, semi-skilled, SVP 3

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(2)   retail customer-service clerk, DOT 299.367-010, light, semi-skilled, SVP

4.

(Tr. 20). The ALJ concluded that Plaintiff had not been under a disability since

October 19, 2020, the date the application was filed. (Tr. 20).

## II.   Analysis

On appeal, Plaintiff argues that the ALJ's RFC determination is not supported

by substantial evidence and is the product of legal error where he relied on stale

opinion evidence and lay interpretations of medical data. (Doc. 23, p. 8). Plaintiff

argues that the ALJ erred in relying on certain medical opinions to determine the

RFC because these medical opinions were from a time period prior to an accident

that caused additional limitations. (Doc. 23, p 9). Plaintiff claims that the ALJ chose

to interpret the more recent evidence himself rather than obtaining a consultative

examiner or contacting a treating source. (Doc. 23, p 11).

The Commissioner contends that substantial evidence supports the RFC

assessment. (Doc. 24, p. 5). The Commissioner also contends that while the ALJ

found the State agency medical consultants' opinions not fully persuasive and found

a consultative examiner's opinion persuasive – both of which were rendered prior to

an April 2022 allegedly exacerbating injury – the ALJ afforded greater limitations

in the RFC than recommended by these medical professionals. (Doc. 24, p. 5-6). The

Commissioner further argues that the ALJ was not required to order a consultative

examination because the record was fully developed, Plaintiff showed no prejudice, and the ALJ considered all of the medical evidence. (Doc. 24, p. 7-11).

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

At step four, the task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016); *see also Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007). That said, an ALJ "'may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.'" *Williams v. Barnhart*, 140 F. App'x 932, 934 (11th Cir. 2005) (quoting *Marbury v. Sullivan*, 957

F.2d 837, 840–41 (11th Cir.1992)). But an ALJ can reject a physician's opinion when the evidence supports a contrary conclusion. *Id.* Indeed, while an ALJ may not make medical findings, an ALJ has the responsibility to resolve conflicting medical opinions. *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016).

A plaintiff bears the burden of proving she is disabled and is responsible "for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). Even so, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record." *Id. See* 20 C.F.R. § 416.945(a)(3) ("However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources.").[2]

Even though an ALJ has this duty, he "is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). Further, the ordering of a consultative examination is a discretionary matter for the ALJ and should be sought "'to try to

---

[2] When a claimant is not represented at a hearing and has not waived her right to representation, then the ALJ has a "special duty" to develop the record. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). In this case, Plaintiff was represented by counsel at the hearing and thus the ALJ only had a basic duty to develop the record. (Tr. 38-53).

resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision' on the claim." *Banks for Hunter v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 706, 713 (11th Cir. 2017) (quoting 20 C.F.R. § 416.919a(b)).

In essence, Plaintiff argues that after Plaintiff fell when stepping into a pothole in April 2022, the opinions of record prior to this time are incomplete and insufficient to determine Plaintiff's RFC. (Doc. 25, p. 2). Plaintiff then argues that even though the ALJ summarized and discussed the medical records after the fall, the ALJ interpreted this medical evidence and translated it into functional limitations for Plaintiff without obtaining a medical opinion. (Doc. 25, p. 3-4).

Prior to the April 2022 fall, the medical opinion evidence of record consisted mainly of a July 29, 2021 consultative examination conducted by Elaine Holmes and reports from State agency medical consultants. (Tr. 125-27, 129-32, 492-94). Dr. Holmes determined that Plaintiff had no limitations for sitting, standing, walking, climbing stairs, bending, kneeling, lifting, carrying, pushing, and pulling. (Tr. 16, 494). Initially, the State agency consultant found Plaintiff had no medically determinable impairment, but on reconsideration, another State agency medical consultant found Plaintiff had non-severe impairments, with no functional loss. (Tr. 19, 125, 131). Plaintiff does appear to contest these findings.

After the April 2022 fall, the ALJ noted in the decision that Plaintiff developed wrist pain and knee pain, with the knee pain appearing to resolve. (Tr. 18). The ALJ acknowledged that the fall exacerbated Plaintiff's lower back pain. (Tr. 18). The ALJ reported that in May 2022, Plaintiff saw Stephen Fender, PA-C, with complaints of neck pain, lower back pain, and wrist pain. (Tr. 18). The ALJ also noted that Plaintiff received limited treatment for her pain complaints, but was referred in July 2022 for a surgical consult due to MRI findings. (Tr. 18). The ALJ detailed the MRI findings:

> An MRI of the cervical spine in July 2022 showed disc herniation at C4-C5 with annular tearing impinging the cord resulting in moderate central canal stenosis; disc herniation at C5-C6 abutting the left ventral cord resulting in severe left foraminal stenosis impinging the exiting left C6 nerve root; and disc herniation at C6-C7 effacing the right ventral cord with mild central canal and mild foraminal stenosis. Exhibit 7F/4.

> An MRI of the lumbar spine in July 2022 showed grade 1 anterior listhesis of L3 on L4; grade I retrolisthesis of L4 on L5; modic type I endplate changes at L4-L5; mild bilateral neuroforaminal narrowing at L1-L2 secondary to disc bulge with a central zone annular fissure; mild spinal canal stenosis and moderate bilateral neuroforaminal narrowing at L2-L3; moderate spinal canal stenosis and moderate to severe bilateral neuroforaminal narrowing with impingement on the exiting L3 nerve roots at L3-L4; mild spinal canal stenosis, bilateral subarticular recess narrowing and severe left-sided neuroforaminal narrowing with impingement upon the exiting L3 nerve root at L4-L5 secondary to central and left foraminal disc herniations. Exhibit 7F/4.

(Tr. 17).

The ALJ also acknowledged that Plaintiff's cervical and lumbar disc disease had caused some limitations, and Plaintiff reported tenderness to palpation and positive facet loading signs. (Tr. 18). The ALJ then concluded that "there is no indication that the claimant's disc disease would preclude a reduced range of light work activity." (Tr. 18). The ALJ supported this conclusion by stating that on exam, Plaintiff's sensations had been intact to light touch, her strength had been 5/5 in the upper and lower extremities, and deep tendon reflexes had been 2/4 and symmetric. (Tr. 18).

While the ALJ carefully considered the medical records after the April 2022 fall – including the objective MRIs – and added limitations to the RFC for Plaintiff's subjective complaints, the ALJ did not support his decision as to Plaintiff's functional limitations by citing any medical opinion that supports these functional limitations. The ALJ determined Plaintiff's RFC limitations by his own lay analysis of the medical records, including the MRI findings.

In order to justify a remand, a plaintiff must show that her right to due process has been violated to such an extent that the record contains evidentiary gaps, which resulted in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018). That said, a mere lack of a consultative examination is inadequate to meet a plaintiff's burden to establish prejudice. *Henderson v. Comm'r of Soc. Sec.*, 353 F. App'x 303, 305 (11th Cir. 2009) (finding

that the plaintiff did not explain how the absence of certain evidence precluded the ALJ from making an informed decision, nor did the plaintiff explain how such an assessment would have affected the ALJ's overall disability determination).

Here, although the ALJ thoroughly considered the medical records and objective testing before and after the April 2022 accident, the record still contained a gap – a gap of a medical opinion or other evidence to support the ALJ's functional-limitation findings in the RFC. As it stands, the evidence of record is insufficient to support the ALJ's functional-limitations findings and leaves the Court guessing as to how the ALJ reached such a determination. Without such support, Plaintiff suffered prejudice by the ALJ analyzing the medical evidence and then determining functional limitations himself without the benefit of a medical opinion. Thus, remand is warranted.

## III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to fully develop the record, reconsider the medical and other evidence of record, and order a consultative examination, if warranted. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties