UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDA MCGARRY,

     Plaintiff,

v.                            Case No.:  3:23-cv-288-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **ORDER**

This cause is before the Court on Plaintiff Brenda McGarry's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 28). Plaintiff requests that the Court enter an order awarding attorney fees of $5,787.54 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). According to Plaintiff, the Commissioner does not oppose the relief requested. (Doc. 28, p. 2). For the reasons explained below, the Court finds that Plaintiff's request will be **GRANTED**.

For Plaintiff to receive an award of fees under EAJA, the next five conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit

involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The Commissioner does not contest that the five conditions are met, and on review, all the conditions for EAJA fees have been satisfied.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). The Court reviewed the hours in EAJA related representation of Plaintiff before this Court. (Doc. 28-1). After reviewing the description of services provided and having no objection from the Commissioner, the Court determines the hours spent in EAJA related representation of Plaintiff are reasonable.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer*

*v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The Court reviewed the hourly rates for work done by counsel, by non-admitted attorneys, and by paralegals, and having no objection from the Commissioner, the Court finds these rates are reasonable. (Doc. 28, p. 4-6). Accordingly, the Court will award Plaintiff attorney's fees totaling $5,787,54.

Plaintiff attached an Affirmation and Waiver of Direct Payment of EAJA Fees (Doc. 28-18). In the Affirmation, Plaintiff assigns her right to EAJA fees to her attorney. Rather than ordering fees be paid directly to counsel, the trend appears to be toward leaving the matter to the discretion of the Commissioner. *See Torres v. Kijakazi*, No. 6:20-cv-1471-JRK, 2022 WL 6163063, at *4 (M.D. Fla. Oct. 7, 2022) (collecting cases). The Court will follow this trend.

Accordingly, it is hereby **ORDERED**:

(1)    Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 28) is **GRANTED**.

(2)    Attorney fees totaling $5,787.54 are awarded to Plaintiff.

(3)    The Commissioner may exercise his discretion to honor Plaintiff's assignment of fees to counsel if the United States Department of the Treasury determines that Plaintiff owes no federal debt.

(4)    The Clerk of Court is directed to enter an amended judgment.

**DONE** and **ORDERED** in Fort Myers, Florida on May 10, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties